THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TESHAYLA MOTON, as parent and next friend of DW, a minor, SHENITA MOTON, individually and as parent and next friend of ZM, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ROCKFORD AND OFFICER J. VAZQUEZ, BADGE NO. 0369, <br><br> Defendants. | Case No.: 3:23-cv-50120 <br><br> Complaint for Violation of Civil Rights And Supplemental State Law Claim <br><br> **JURY DEMANDED** |

### AMENDED COMPLAINT AT LAW

Plaintiffs, Teshayla Moton, as parent and next friend of DW, a minor, and Shenita Moton, individually and as next friend of ZM, a minor, by and through their attorneys, Ed Fox & Associates, Ltd., files the following complaint:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. Plaintiffs, Teshayla Moton, as parent and next friend of DW, a minor, and Shenita Moton, individually and as next friend of ZM, a minor, (collectively "Plaintiffs") were and are citizens of the United States and were within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant, Officer J. Vazquez, Badge No. 0369 ("Defendant Officer"), was employed by the City of Rockford Police Department and acted under the color of state law and as the employee, agent, and/or representative of the City of Rockford Police Department. Plaintiffs are suing Defendant Officer in his individual capacity.

5. At all times mentioned herein, the City of Rockford was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City of Rockford maintained, managed, and/or operated the Rockford Police Department.

## FACTUAL ALLEGATIONS

6. On or about February 12, 2023, at all times material, DW and ZM lawfully purchased snacks from a gas station at 2233 Kishwaukee Street, Rockford, Illinois 61104.

7. DW and ZM left the gas station, crossed the street, and approached Shenita Moton's residence.

8. Defendant Officer drove his police vehicle up to DW and ZM.

9. Defendant Officer commanded DW and ZM to stay outside and empty out their pockets.

10. DW and ZM complied with Defendant Officer's commands.

11. There was no just cause have DW and ZM stay outside and empty out their pockets.

12. Thereafter, Shenita Moton exited her residence.

13. Defendant Officer commanded DW, ZM, and Shenita Moton for their names and dates of birth.

14. DW, ZM, and Shenita Moton complied with Defendant Officer's commands.

15. There was no just cause to command DW, ZM, or Shenita Moton to provide their names and dates of birth.

16. Defendant Officer ran DW, ZM, and Shenita Moton's personal information in a law enforcement database and had them wait while he did it.

17. There was no just cause to run DW, ZM, or Shenita Moton's personal information in a law enforcement database and have them wait while he did it.

18. Upon running their information, Defendant Officer dismissed DW, ZM, and Shenita Moton.

19. DW, ZM, and Shenita Moton did not feel free and/or were not free to leave and were detained during the above-mentioned incident until Defendant Officer dismissed them.

20. DW, ZM, and Shenita Moton were not charged with violating any law, indicative of their innocence.

21. Defendant Officer's actions and/or omissions caused significant injuries to DW, ZM, and Shenita Moton, including loss of liberty, invasion of privacy, humiliation, and emotional pain. The exact amount of damages is yet to be determined

22. The actions and/or omissions mentioned above by Defendant Officer were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for DW, ZM, and Shenita Moton's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. As a result of Defendant Officer's actions and/or omissions, Plaintiffs retained attorneys to help them bring legal action to vindicate DW, ZM, and Shenita Moton's rights, which had been impacted by the loss and impairment caused by Defendant Officer.

24. As a result, Plaintiffs are requesting payment by Defendants of a reasonable amount for attorney's fees under 42 U.S.C. Section 1988 or any other applicable law.

## COUNT I
## PLAINTIFFS AGAINST DEFENDANT OFFICER FOR WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

25. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. Defendant Officer deprived DW, ZM, and Shenita Moton of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary detention of DW, ZM, and Shenita Moton violated their Constitutional Rights and was not authorized by law. Defendant Officer violated DW, ZM, and Shenita Moton's rights by unlawfully detaining them without just cause, which involved having them remain outside, emptying their pockets, and/or running their personal information in law enforcement databases without allowing them to leave. This conduct was unnecessary, unreasonable, and excessive, thus violating the rights of DW, ZM, and Shenita Moton. Therefore, Defendant Officer is liable to Plaintiffs under 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFFS AGAINST DEFENDANT OFFICER FOR UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

28. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29. Defendant Officer deprived DW and ZM's of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

30. The arbitrary intrusion by Defendant Officer into the security and privacy of DW and ZM's person violated their Constitutional Rights and was not authorized by law. Defendant Officer

violated DW and ZM's rights by having them empty out their pockets which constituted a search without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated DW and ZM's rights. Accordingly, Defendant Officer is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT III
### PLAINTIFFS AGAINST THE CITY OF ROCKFORD PURSUANT TO *RESPONDENT SUPERIOR* FOR STATE LAW CLAIMS OF FALSE IMPRISONMENT/ARREST

31. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

32. Defendant Officer intentionally confined DW, ZM, and Shenita Moton within fixed boundaries by having them remain outside, emptying their pockets, and/or running their personal information in law enforcement databases, while surrounding them and not allowing them to leave.

33. DW, ZM, and Shenita Moton were conscious of the aforementioned confinement and/or harmed by it.

34. Defendant Officer violated the law by falsely imprisoning/arresting DW, ZM, and Shenita Moton.

35. DW, ZM, and Shenita Moton were damaged emotionally and otherwise from the unlawful acts of Defendant Officer.

36. The City of Rockford is liable pursuant to *respondent superior*.

37. DW, ZM, and Shenita Moton's imprisonment/arrest was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs, Teshayla Moton, as parent and next friend of DW, a minor, Shenita Moton, individually and as next friend of ZM, a minor, by and through their attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. Defendants pay for emotional distress, in a sum to be ascertained;

2. Defendants pay for special damages;

3. Defendants pay for attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Defendant Officer pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay costs of the suit herein incurred; and

6. Such other and further relief as this Court may deem just and proper.

By: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

By: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com