THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TESHAYLA MOTON, as next friend of DW, a minor, and SHENITA MOTON, individually and next friend of ZM and MD, minors, | ) ) ) ) Case No.: 23-cv-50120 |
| Plaintiffs, | ) ) Honorable Judge Philip G. Reinhard |
| v. | ) ) Honorable Magistrate Judge Margaret J. Schneider |
| CITY OF ROCKFORD and OFFICER J. VAZQUEZ, BADGE NO. 0369, | ) ) ) **Jury Trial Demanded** |
| Defendants. | ) ) |

## SECOND AMENDED COMPLAINT

Plaintiffs Teshayla Moton, as next friend of DW, a minor, and Shenita Moton, individually and as next friend of ZM and MD, minors, by and through their attorneys, Ed Fox & Associates, Ltd., file the following complaint:

### JURISDICTION AND VENUE

1. This action is based on the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

2. Jurisdiction for this case is conferred upon this Court under 28 U.S.C. Sections 1343, 1331, and 1367.

3. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391, as the acts in question occurred within this district.

### PARTIES

4. Plaintiffs Teshayla Moton, as next friend of DW, a minor, and Shenita Moton, individually and as next friend of ZM an MD, minors, (collectively "Plaintiffs") were and are citizens of the United States and were within the jurisdiction of this Court.

5. Defendant Officer J. Vazquez, Badge No. 0369 ("Defendant Vazquez"), was a police officer in the Rockford Police Department.

6. The City of Rockford ("the City") is a political division of the State of Illinois and serves as the employer of Defendant Vazquez. Defendant Vazquez acted as a representative, employee, and/or agent of the City. Pursuant to the doctrine of *respondeat superior*, the City bears liability for all state law claims committed by their representatives, employee, and agents acting within that scope.

7. Defendant Vazquez acted under the color of law and within the scope of his employment. Defendant Vazquez is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

8. On or about February 12, 2023, DW, ZM, and MD purchased snacks from a gas station at 2233 Kishwaukee Street, Rockford, Illinois 61104.

9. DW, ZM, and MD left the gas station, crossed the street, and approached Shenita Moton's residence.

10. Defendant Vazquez drove his police vehicle past DW, ZM, and MD, stopped and exited the vehicle, and asked them questions.

11. DW, ZM, and MD, were respectful and answered all of Defendant Vazquez's questions.

12. MD attempted to go inside Shenita Moton's residence.

13. Defendant Vazquez commanded MD to stay outside.

14. MD stopped and informed Defendant Vazquez that she wanted to get her mother (Shenita Moton) who was inside the residence.

15. There was no just cause to command MD to stay outside.

16. Defendant Vazquez allowed MD to go inside the residence to get her mother.

17. Defendant Vazquez commanded DW and ZM to stay outside.

18. DW and ZM complied with Defendant Vazquez's commands.

19. There was no just cause have DW and ZM stay outside.

20. Thereafter, Shenita Moton exited her residence.

21. Defendant Vazquez commanded DW, ZM, and Shenita Moton to provide him with their names and dates of birth.

22. DW, ZM, and Shenita Moton complied with Defendant Vazquez's commands.

23. There was no just cause to command DW, ZM, or Shenita Moton to provide their names and dates of birth.

24. Defendant Vazquez ran DW, ZM, and Shenita Moton's personal information in a law enforcement database and had them wait.

25. There was no just cause to run DW, ZM, or Shenita Moton's personal information in a law enforcement database and have them wait.

26. Upon running their information in the law enforcement database, Defendant Vazquez dismissed DW, ZM, and Shenita Moton.

27. DW, ZM, MD, and Shenita Moton did not feel free to end the above-described encounter with Defendant Vazquez.

28. DW, ZM, MD, and Shenita Moton were not charged with violating any law, indicative of their innocence.

29. DW, ZM, MD, and Shenita Moton suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain as a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Vazquez in an amount yet to be ascertained.

30. The actions and/or omissions mentioned above by Defendant Vazquez were willful,

wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for DW, ZM, MD, and Shenita Moton's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

31. Because of the actions and/or omissions mentioned above by Defendant Vazquez, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees under 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I
## WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

32. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-one (31) hereat as though fully set forth at this place.

33. Defendant Vazquez deprived DW, ZM, MD, and Shenita Moton of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

34. Defendant Vazquez violated Plaintiff's Constitutional rights by detaining DW, ZM, MD, and Shenita Moton without just cause.

35. The foregoing was unnecessary, unreasonable, excessive, and therefore violated DW, ZM, MD, and Shenita Moton's rights.

36. As a result, DW, ZM, MD, and Shenita Moton were injured emotionally, financially, and/or otherwise from the loss of certain constitutionally protected liberty and related rights.

37. Therefore, Defendant Vazquez is liable pursuant to 42 U.S.C. § 1983.

## COUNT II
## UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

38. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-one (31) hereat as though fully set forth at this place.

39. Defendant Vazquez deprived DW and ZM of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

40. Defendant Vazquez violated DW and ZM's Constitutional rights by searching their persons without just cause.

41. The foregoing was unnecessary, unreasonable, excessive, and therefore violated DW and ZM's rights.

42. As a result, DW and ZM were injured emotionally, financially, and/or otherwise from the loss of certain constitutionally protected liberties and related rights.

43. Therefore, Defendant Vazquez is liable pursuant to 42 U.S.C. § 1983.

## COUNT III
## FALSE IMPRISONMENT/ARREST

44. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-one (31) hereat as though fully set forth at this place.

45. Defendant Vazquez intentionally confined DW, ZM, MD, and Shenita Moton within fixed boundaries.

46. Defendant Vazquez violated the law by causing DW, ZM, MD, and Shenita Moton to be falsely imprisoned/arrested.

47. DW, ZM, MD, and Shenita Moton's imprisonment/arrest was unnecessary and unreasonable.

48. DW, ZM, MD, and Shenita Moton suffered emotional and other damages from the unlawful acts of Defendant Vazquez.

49. Therefore, the City is liable under the doctrine of *respondeat superior* for the state law claims of false imprisonment/arrest.

For the foregoing reasons, Plaintiffs Teshayla Moton, next friend of DW, a minor, and Shenita Moton, individually and as next friend of ZM and MD, minors, by and through their attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. Defendants pay for emotional distress in a sum to be ascertained;

2. Defendants pay for special damages;

3. Defendants pay for attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Defendant Vazquez pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay costs of the suit herein incurred; and

6. Such other and further relief as this Court may deem just and proper.

By: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
Attorney for Plaintiffs

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

By: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
Attorney for Plaintiffs